FILED
2013 MAR -1  PM 4:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AI-CA 4, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>ELDA MARTINEZ,<br><br>          Defendants. | Case No. EDCV13-0309-UA (DUTY)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

   The Court will remand this unlawful detainer action to state court summarily because it has been removed improperly.

   On December 19, 2012, defendant Elda Martinez, having been sued in what appeared to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. On January 3, 2013, the Court denied defendant's application to proceed *in forma pauperis* and remanded the action to state court.

   On January 9, 2013, defendant lodged with the Court a second Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendant presented an application

///

1

to proceed *in forma pauperis* which the Court denied on January 22, 2013, remanding the action to state court.

On January 31, 2013, defendant lodged with the Court a third Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendant presented an application to proceed *in forma pauperis* which the Court denied on February 11, 2013, remanding the action to state court.

On February 20, 2013, defendant lodged with the Court a fourth Notice of Removal of the same underlying action, which, again, appears to be a routine unlawful detainer action in California state court. Again, defendant has presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

As previously noted, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. §1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, San Bernardino County, 303 West 3rd Street, San Bernardino, CA 92415, for lack of subject matter jurisdiction pursuant to 28 U.S.C.

§ 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 2/26/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge